IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 25-67 |
| DEMETRIUS ROACH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Now pending is Defendant Demetrius Roach's ("Defendant") Motion to Revoke Order of Detention and Request for Hearing. (Docket No. 23). Defendant argues that Magistrate Judge Dodge's decision to order him detained was based, in part, on the lack of an appropriate third-party custodian and stable housing. (*Id.* at 2). Defendant has a new home plan for the Court to consider and is seeking a hearing where his father would provide testimony relevant to such plan. (*Id.* at 6). The Government opposes the motion and argues that even if the Court were to hear testimony from Defendant's father and find it rebuts the presumption in favor of detention, detention is nonetheless warranted under the factors at 18 U.S.C. § 3142(g). (Docket No. 25). The Court has carefully considered Magistrate Judge Dodge's detention order, the detention hearing transcript, evidence presented at the detention hearing, the parties' positions as presented in their briefs, and a pretrial services report.[1] On consideration of all those materials, the Court will deny Defendant's motion. Pursuant to 18 U.S.C. § 3142(i)(1), the Court includes the following findings of fact and statement of reasons.

---

[1] The Court has also considered two recent filings by Defendant which appear to be certificates indicating he has completed a financial literacy program at the Butler County prison, and that he is actively involved in work details and has had no major infractions. (Docket Nos. 29, 30)

I.  **BACKGROUND**

Defendant was indicted by a federal grand jury on March 11, 2025, on two counts for having: (1) intentionally and unlawfully possessed with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack), a quantity of a mixture and substance containing fentanyl, and a quantity of a mixture and substance containing a detectable amount of cocaine, all Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C); and (2) knowingly and unlawfully possessed a firearm in furtherance of a drug trafficking crime (possession with intent to distribute a controlled substance in violation of Section 841(a)(1) in Count I) in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docket No. 1).  Defendant pleaded not guilty.  (Docket Nos. 14-15).  Following a detention hearing before Magistrate Judge Dodge on March 24, 2025, Defendant was ordered to remain detained pending trial or other disposition of this matter.  (Docket Nos. 19-20).  Magistrate Judge Dodge indicated in her Order of Detention Pending Trial (Docket No. 20) that the Government's motion for detention pursuant to 18 U.S.C. § 3142(f)(1) would be granted because while Defendant had rebutted the applicable presumption of detention, the Government had otherwise shown by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  As indicated above, Magistrate Judge Dodge's determination was based—in part—on the lack of a suitable third-party custodian.  (*Id.* at 3).

Defendant now seeks a hearing and, ultimately, revocation of the operative detention order. (Docket No. 23).  The basis of his motion is a newly proposed home plan pursuant to which he would live with his father, James Roach ("Mr. Roach"), in the one-bedroom apartment where Mr. Roach now lives alone.  (*Id.*).  The Government opposes Defendant's motion and argues that

Magistrate Judge Dodge's initial determination of the necessity of detention was correct and that no hearing is necessary. (Docket No. 25). The Government argues that even if Defendant's newly proposed release plan could rebut the presumption in favor of detention, there is clear and convincing evidence that, according to the factors enumerated in 18 U.S.C. § 3142(g), Defendant's release would pose a danger to the community.

At the detention hearing before Magistrate Judge Dodge, the following evidence was presented. The Government called Detective Lindsey Perry as a witness and introduced evidence about a shooting relevant to Defendant's eventual arrest, the results of a search of Defendant's vehicle, and the results of a search warrant that was executed at Defendant's residence. The evidence admitted at the detention hearing included exhibits: 1A (photograph of map), 2 through 13C (footage from Cameras 1-6), 14 (photograph of firearm), 15 (photograph of truck), 14A and B (call logs), 12 (shot spotter report), 17 (summary of drug report), 18 through 25 (photographs from search warrant), 26 (Department of Labor Report), 27 through 34 (photographs from search warrant and vehicle), and 37 (Allegheny County drug report). (Docket No. 19). At the hearing, Detective Perry testified about responding to a report of shots fired on August 30, 2024. (Docket No. 28 at 5). A DEA special agent ("SA" or "Agent"), Agent Ryan Palso, had been fired upon when he was conducting surveillance as part of an investigation. (*Id.* at 6-7). In the minutes before Agent Palso was shot at, he noticed he was being followed by an individual in a Dodge Ram. (*Id.* at 7-8). At some point before the shooting, another vehicle—a black Kia sedan—joined the Ram's pursuit. (*Id.* at 9). It was later determined that Drew Gordon was the driver of the Ram and shot at Agent Palso, and that Defendant owned the Kia. (*Id.* at 12-13, 16).

Shortly after Drew Gordon shot at Agent Palso, Drew Gordon and Defendant were in Drew Gordon's brother's vehicle when it was pulled over by Allegheny County police. (*Id.* at 20). A

search warrant for the vehicle was executed and several cell phones were seized. (*Id.* at 21). Later, when Defendant was contacted to retrieve his cell phones from the FBI building, law enforcement executed a search warrant for Defendant's residence and found heroin, fentanyl, xylazine, and crack cocaine. (*Id.* at 30). Other drugs, drug paraphernalia, firearms,[2] and significant amounts of cash ($20,000) were found at the residence. (*Id.* at 31-38). Meanwhile, at the FBI building, Defendant consented to being interviewed after he was Mirandized and further consented to a search of his vehicle. (*Id.* at 40-41). In the vehicle, law enforcement found drugs in the center console, a loaded Glock pistol registered to Defendant between the driver's seat and center console, and another loaded firearm on the floor of the rear passenger seats near a child's car-seat. (*Id.* at 37).

In addition to the evidence of drug trafficking activity that was presented by the Government at Defendant's detention hearing, Magistrate Judge Dodge also heard testimony from Defendant's aunt, Kathy Murphy ("Ms. Murphy"), and his long-term romantic partner, Alyssa Harris ("Ms. Harris"). Ms. Murphy testified that she was willing to have Defendant live with her if he were released. (*Id.* at 44). At least two other adult nephews of hers were living with her at the time, and she indicated that she worked three 12-hour shifts weekly. (*Id.*). Ms. Harris, Defendant's romantic partner and mother of his two children, testified that she lived with Defendant prior to his arrest and that she was willing to be his third-party custodian and to call the police if she observed him engaging in illegal activities while on release. (*Id.* at 50-51). Ms. Harris further indicated that she intended to move into Ms. Murphy's residence with Defendant, which would bring the total residents there to five-to-six adults and two children under two-years-old in a two-bedroom home. (*Id.* at 52). Ms. Harris additionally testified that, prior to Defendant's arrest,

---

[2] There is no indication in the record that the firearms at Defendant's residence were stolen, nor that he carried a firearm without a license. (*Id.* at 39).

4

she believed Defendant had been able to support their family and to keep significant amounts of cash at home from work as a contractor, and she testified that she had not noticed drugs and drug paraphernalia in their shared residence. (*Id.* at 54-55).

## II. **LEGAL STANDARD**

This Court's consideration of the evidence and its decision on Defendant's motion is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.* (the "BRA"). Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge"—as Defendant has been ordered detained in this matter—such "person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The Court's review of an order of detention is *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The Court is not required to hold an additional evidentiary hearing, but may instead consider detention *de novo* "based solely upon the evidence introduced at the prior hearing." *United States v. Kolonis*, No. 2:20-cr-0146, 2020 WL 5253192, at *3 (W.D. Pa. Sept. 3, 2020) (quoting *United States v. Burgess*, No. 2:09-cr-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009)). The Court may also accept additional evidence from the parties and rule on an "expanded record." *United States v. Bastianelli*, Crim. No. 17-305, 2018 WL 1015269, at *4 (W.D. Pa. Feb. 22, 2018) ("The Court retains the discretion to make its determination after reviewing the record developed before the U.S. Magistrate Judge or to accept additional evidence from the parties and rule on the expanded record."). The Court may incorporate the transcript of the proceedings before the magistrate judge and has done so here. *See United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

Under the BRA, a defendant must be released on his personal recognizance or upon execution of an unsecured appearance bond unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other

person or the community." 18 U.S.C. § 3142(b). Following a hearing, if the judicial officer finds that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community, detention must be ordered. *Id.* § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the judicial officer must consider the four § 3142(g) factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g).

Certain cases raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community.

*Id.* § 3142(e)(3). This rebuttable presumption applies to cases, among others, in which there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801*, et seq.*, for which the maximum term of imprisonment is ten years or more, or an offense under 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3)(A). An indictment charging a defendant with committing an offense enumerated in § 3142(e)(3) is sufficient to establish probable cause triggering the rebuttable presumption. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986). A defendant may rebut the presumption in § 3142(e) by producing "some credible evidence ... that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light and has been construed as easy to meet. *Chagra*, 850 F. Supp. at 357 (citation omitted). If rebutted, however, the presumption does not disappear but rather "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* at 358 (citation omitted). If the defendant rebuts the presumption, the burden of persuasion remains with the Government. *Id.* at 357. The Government bears the burden of proving that the defendant presents either a risk of flight or a danger to the community. The Government satisfies such burden if it proves either (a) flight risk by preponderance of the evidence, *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986), or (b) danger to the safety of any other person in the community by clear and convincing evidence. *Delker*, 757 F.2d at 1399.

III. **ANALYSIS**

In Defendant's case, the Court agrees with Magistrate Judge Dodge's determination that the rebuttable presumption under 18 U.S.C. § 3142(e)(3) arises because there is probable cause to believe that Defendant committed an offense with a maximum term of imprisonment of at least ten years under the Controlled Substances Act, as well as an offense under 18 U.S.C. § 924(c).

7

For purposes of assessing Defendant's motion to revoke the order of detention, the Court assumes that Defendant's evidence is sufficient to rebut the presumption. This brings the Court to the factors listed in Section 3142(g) and an assessment of the record to determine whether the Government has shown by clear and convincing evidence that Defendant's release would endanger persons and the community such that his release while he awaits trial is not appropriate pursuant to the standards identified *supra*, Section II.

### A. Nature and Circumstances of Offenses Charged

This first factor weighs against release. Based on the indictment, there is probable cause to believe that Defendant was involved in very serious drug activity and possession of a firearm in furtherance thereof. Congress has determined that drug trafficking is an offense that by its nature poses a danger to the community. *United States v. Howard*, No. 2:23-CR-129-21, 2023 WL 6319286, at *3 (W.D. Pa. Sept. 28, 2023) (quoting *United States v. Strong*, 775 F.2d 504, 506 (3d Cir. 1985)). Additionally, when the search warrant was executed at Defendant's residence multiple loaded firearms were readily accessible—including on the floor—in the home where Defendant resided with his two young children. The nature and circumstances of the offenses charged in this case thus weigh in favor of continued detention pending trial.

### B. Weight of the Evidence

The next factor that the Court considers is the weight of the evidence, which also weighs against release because the evidence against Defendant is strong. Defendant is of course presumed innocent; nonetheless, the Government introduced evidence at Defendant's detention hearing before Magistrate Judge Dodge indicating that several drug exhibits were recovered from Defendant's home (including a shoebox with bricks of heroin, fentanyl, crack cocaine, and cocaine), a loaded AR pistol was on the floor of the master bedroom, and another loaded firearm

was in a purse on the bedroom floor. (Docket No. 28 at 32, 34). In the vehicle that Defendant drove to the FBI building, there was a loaded Glock pistol tucked between the driver's seat and center console, and bricks of suspected heroin fentanyl in the center console. (*Id.* at 36). Thus, notwithstanding Defendant's presumption of innocence, the weight of evidence against him weighs in favor of pretrial detention.

### C. History and Characteristics of Defendant

Defendant is twenty-five years old and has lived in Pittsburgh most of his life. He has two young children, ages one-year and five-months, from a stable five-year relationship with Ms. Harris. He has no known mental or physical health problems. He has some college education and most recently worked at Aerotek, EOS Factory in Pittsburgh. Moreover, Defendant has no history of criminal convictions. He neither possesses a valid U.S. passport, and he has not traveled outside of the United States. Defendant's lack of criminal history is unique and—alone—weighs against pretrial detention. That said, Defendant's newly proposed plan for his release involves a family member—his father—being his third-party custodian and host. When the Court considers these Section 3142(g) factors, the Court is considering whether there are conditions or a combination of conditions that will ensure the safety of the community. *Howard*, 2023 WL 6319286, at *2. It's therefore noteworthy to the Court that part of Defendant's history and characteristics is his apparent concealment of his involvement with the charged conduct from his Aunt and his long-term partner, who testified they were disappointed and surprised by the charges against him. Ultimately, given the seriousness of the offenses with which Defendant has been charged, the Court is convinced that no one could adequately supervise Defendant. *United States v. Bey*, No. CRIM. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015) ("[T]he mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to

justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case."). For these reasons, on the whole, the Court finds that Defendant's history and characteristics weigh against his release from pretrial detention.

### D. Nature and Seriousness of Danger to Any Person or the Community if Released

The final factor in the Court's consideration is the nature and seriousness of the danger to any person or the community if Defendant is released, which cuts to the core of the ultimate question and requires that the Court consider the totality of the evidence. *United States v. Hollerich*, No. 2:22-CR-225-1, 2022 WL 16806156, at *5 (W.D. Pa. Nov. 8, 2022). As indicated above, Section III(A), in considering requests for pretrial release similar to the one here, the Court has repeatedly emphasized the danger posed by drug trafficking. *United States v. Gibson*, 481 F. Supp. 2d 419, 423 (W.D. Pa. 2007) ("The court must also consider the danger of trafficking in illicit drugs. When determining whether to detain defendant the court must, in essence, make a prediction as to whether defendant is likely to traffic in illicit drugs if released pending trial based on, inter alia, the factors prescribed by the Bail Reform Act."); *United States v. Peoples*, No. CR 18-305, 2025 WL 660659, at *3 (W.D. Pa. Feb. 28, 2025) ("The distribution of these substances negatively impacts the overall well-being of the community as individuals are exposed to hazardous, addictive, and often deadly substances."). Additionally, in this matter, there is evidence that drugs, drug paraphernalia, and loaded firearms found in searches of Defendant's home and vehicle were out in the open where Defendant's young children could have come in contact with the same. For these reasons, the conduct underlying the charges here poses an obvious danger to the community; accordingly, the final factor weighs in favor of pretrial detention.

## IV.    **CONCLUSION**

In sum, after considering the evidence of record as a whole, the nature and circumstances of the offenses charged, the strong weight of evidence against Defendant, his history and characteristics, and the nature and seriousness of the danger to the community that would be posed by his release, as well as the rebuttable presumption which retains evidentiary weight, it is the Court's determination that no condition or combination of conditions would reasonably assure the safety of any other person and the community if Defendant is released pending trial.  Accordingly, the Court will deny Defendant's motion to revoke Magistrate Judge Dodge's detention order and request for evidentiary hearing.

An appropriate Order follows.

*s/ W. Scott Hardy*  
W. Scott Hardy  
United States District Judge

Dated:         August 13, 2025

cc/ecf:        All Counsel of Record