IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 25-67 |
| ) | |
| DEMETRIUS ROACH ) | |

**MEMORANDUM ORDER**

Defendant Demetrius Roach is charged in a two-count Indictment with possession with intent to distribute 28 grams or more of cocaine base, a quantity of fentanyl, and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docket No. 1). Following a detention hearing, Magistrate Judge Dodge ordered Defendant to remain detained pending trial or other disposition of this matter. (Docket Nos. 19, 20). In ordering detention, Judge Dodge found that the Government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (Docket No. 20 at 2). Magistrate Dodge's determination was based, in part, on the lack of a suitable third-party custodian. (*Id.* at 3).

Defendant subsequently moved to revoke the order of detention, in which he proposed a new home plan for this Court to consider. (Docket No. 23). In a Memorandum Opinion and Order on August 13, 2025, the Court denied Defendant's motion to revoke the detention order (the "August 2025 Opinion"). *United States v. Roach*, Crim. No. 25-67, 2025 WL 2345122 (W.D. Pa. Aug. 13, 2025). As detailed in the August 2025 Opinion, the Court considered the four factors set forth in 18 U.S.C. § 3142(g) and found that there is no condition or set of conditions which will reasonably assure the safety of the community if he were to be released. (*Id.* at *4-5).

1

On January 23, 2026, Defendant filed a Second Motion to Revoke Order of Detention and Request for Hearing, contending that his Second Motion is authorized by 18 U.S.C. § 3145(b). (Docket No. 40, ¶ 18). In asking this Court to reconsider the detention decision for the second time, Defendant incorporates the facts and arguments contained in his prior motion, (*id.*, ¶¶ 7, 19), and additionally claims that his "situation has substantially changed since the filing of his first motion." (*Id.*, ¶ 20). The only additional information which Defendant provides in his Second Motion is that (1) his cousin, Daroy Murphy, is willing to serve as a third-party custodian, and (2) he would be able to secure employment and provide for his long time paramour and their two minor children, who currently are living in a shelter because they are homeless. (*Id.*, ¶¶ 8, 10, 21, 22).

The Government opposes Defendant's Second Motion, arguing that the Court should not entertain it because doing so is contrary to the plain language of § 3145(b) of the Bail Reform Act. (Docket No. 42 at 4-5). Even if the Court considers Defendant's Second Motion, the Government maintains that he should remain detained because his latest proposed release plan will not better assure the safety of the community than the prior two plans. (*Id.* at 7-8). According to the Government, Daroy Murphy is not an appropriate third party custodian because its research indicates that an individual by that name has a 2017 Pennsylvania state conviction for conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver controlled substances, as well as prior convictions of harassment, disorderly conduct, and DUI. (*Id.* at 5-6; *see also* Docket Nos. 42-1, 42-2, 42-3). Further, while the Government is sympathetic to the alleged plight of Defendant's family, the adverse consequence his family is facing because of his detention does not alter the fact that the community would be at risk from his release. (Docket No. 42 at 6-7).

Defendant initially incorrectly argued that his Second Motion is authorized by 18 U.S.C. § 3145(b).  (*See* Docket No. 40, ¶ 18) (citing § 3145(b) for the proposition that Defendant may file another motion to revoke the detention order).  Pursuant to § 3145(b), "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  18 U.S.C. § 3145(b).  The plain language of § 3145(b) provides for *de novo* review of a magistrate judge's detention order by a district judge, but that provision does not expressly provide for review by a district judge of his own detention order.  *See United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985) (holding that a district court exercises *de novo* review over a detention order entered by a magistrate judge).  If Defendant disagreed with this Court's August 2025 Opinion affirming the detention order, he could have appealed to the Third Circuit Court of Appeals, but he did not do so.  *See United States v. Watson*, Crim. No. 20-218-27, 2021 WL 6065000, at *1, n.1 (W.D. Pa. Dec. 22, 2021) (Hardy, J.) (observing that a district court's detention decision may be appealed to the Court of Appeals in accordance with 18 U.S.C. § 3145(c)) (citing *United States v. Lewis*, Crim. No. 2:20-80-1, 2020 WL 6827416, at *2 (W.D. Pa. Nov. 20, 2020) ("Defendant now has made three unsuccessful attempts at release in this case. . . . If he disagrees with the detention decision, his recourse at this point is an appeal to the United States Court of Appeals for the Third Circuit pursuant to 18 U.S.C. § 3145(c).")).

As this Court and others have recognized, "the only possible avenue for Defendant to seek release on bail in a case sitting in this procedural posture is to convince [the] Court to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)."  *United States v. Watson*, Crim. No. 19-203, 2025 WL 1866917, at *3 (W.D. Pa. July 7, 2025) (Hardy, J.) (quoting *United States v. Bey*, Crim.

3

No. 15-87, 2016 WL 5121760, at *1 (W.D. Pa. Sept. 21, 2016) (and further citing *United States v. Costanzo*, No. 2:08-cr-365, 2009 WL 2058725 (W.D. Pa. July 15, 2009)).  In his Reply, Defendant appears to acknowledge that he must request reopening of the detention hearing pursuant to § 3142(f).  (*See* Docket No. 45 at 2) (citing § 3142(f) for the proposition that the Court has the "ability to reconsider its prior determination to detain [Defendant]").  Relevant here, § 3142(f) provides as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing ***and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community***.

18 U.S.C. § 3142(f) (emphasis added).  Reopening is not warranted in Defendant's case because the new information he proffers does not satisfy this standard.

First, Defendant submits that his long time paramour and their two minor children are homeless and currently living in a shelter, therefore he should be released so that he can secure employment and provide for them.  (Docket No. 40, ¶¶ 10, 21).  It stands to reason that Defendant's absence through pretrial detention has a significant impact on his family.  However, such situation is not unique to Defendant and his family.  As this Court previously has ruled, a defendant's concerns about his family's financial situation, and his desire to be released to help improve it, do not have a material bearing on whether there are conditions of release that will reasonably assure the safety of the community which would warrant reopening the detention hearing.  *See Watson*, 2025 WL 1866917, at *4 ("While the Court is sympathetic to Defendant's concerns about his family, those concerns are not uncommon and do not have a material bearing on the detention decision that was previously rendered."); *see also United States v. Porter*, 442 F. Supp. 3d 903, 908 (W.D. Pa. 2020) (observing in similar context of request for release pending sentencing that

"incarceration regrettably inflicts family hardship on many, if not most, defendants, [thus] family hardships will not ordinarily constitute exceptional reasons for release pending sentencing") (internal quotation marks and citation omitted). The same holds true here. The Court certainly is sympathetic to Defendant's concerns about his family's well-being, but his desire to provide for his family in order to improve their situation has no material bearing on whether there are conditions of release that will reasonably assure the safety of the community to justify reopening the detention hearing.

Likewise, Defendant's latest proposed release plan that his cousin, Daroy Murphy, is willing to serve as a third-party custodian, (Docket No. 40, ¶¶ 8, 22), has no material bearing on whether there are conditions of release that will reasonably assure the community's safety to warrant reopening the hearing. As previously stated in the August 2025 Opinion, the Court had serious concerns about Defendant's father serving as a third-party custodian, given Defendant's apparent concealment of his involvement in the charged conduct from those who are close to him, including his paramour and his aunt. *See Roach*, 2025 WL 2345122, at *4 ("Ultimately, given the seriousness of the offenses with which Defendant has been charged, the Court is convinced that no one could adequately supervise Defendant."). The fact that Defendant now proposes his cousin as a third-party custodian does nothing to ameliorate the Court's concerns about such an arrangement.[1] Regardless of how well-intentioned any of Defendant's family members may be, the mere fact that an individual is willing to serve as a third-party custodian does not mean that he

---

[1] The Government attached to its Response state court records indicating that an individual named Daroy Murphy has a 2017 Pennsylvania state conviction for conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver controlled substances, as well as prior convictions of harassment, disorderly conduct, and DUI. (*See* Docket Nos. 42-1, 42-2, 42-3). Defendant does not dispute that the individual named Daroy Murphy listed on the referenced state court records is his cousin. Accordingly, in addition to the primary concern about the feasibility of any individual being able to adequately serve as a third-party custodian under the circumstances of this case, in the Court's considered judgment, it also would be unsuitable for a convicted drug trafficker to supervise someone who is charged with drug trafficking and firearms offenses.

could adequately supervise a defendant who is charged with significant drug trafficking and firearm offenses. *See United States v. Bey*, Crim. No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015) ("[T]he mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case.").

All told, the new information Defendant proffered in his Second Motion has no material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person and the community which would warrant reopening the detention hearing. Consequently, the Court will not reopen the detention hearing. However, even if reopening was justified, the Court would deny Defendant's request for revocation of the detention order for the reasons previously articulated in the August 2025 Opinion and for the additional reasons explained herein. In summary, this Court would find that consideration of the relevant Bail Reform Act factors weigh in favor of detention, and there are no conditions which would assure the safety of the community if Defendant were to be released pending trial or other disposition of this matter. Based on the foregoing, the Court enters the following Order:

AND NOW, this 17th day of February, 2026, IT IS HEREBY ORDERED that Defendant's Second Motion to Revoke Order of Detention and Request for Hearing, (Docket No. 40), is DENIED.

*s/ W. Scott Hardy*  
W. Scott Hardy  
United States District Judge

cc/ecf: All counsel of record